## (May 16, 1972)

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. HENRY FENUTA, Respondent.— Appeal from an order of the Supreme Court at Trial Term entered March 1, 1972, in New York County, which granted a motion by defendant for an order to suppress physical evidence and statements made by the defendant.

*Per Curiam.* The People appeal from an order of the Supreme Court, New York County, entered March 1, 1972, granting defendant's motion, after a hearing, to suppress physical evidence (a gun) and certain incriminating statements allegedly made by the defendant. The basic facts, as told by the arresting policeman, the only witness, involve a telephone call to the police by a citizen, and the receipt of a radio message by two policemen in a patrol car to the effect that there was a man with a gun in front of 61 Second Avenue, Manhattan. Proceeding thither, the policemen were hailed by the civilian who made the initial phone call, and he gave a description of the "man with a gun" and his companion, "both [walking] north on Second Avenue". Following on foot, within minutes, the policemen caught up with two men, whose appearance tallied with the description given by the concerned citizen. Perceiving a bulge beneath the defendant's clothing, he, the arresting officer, "put him against the wall, patted him down, and came up with the pistol stuck in his belt." Placing the defendant under arrest, and while proceeding to the station house in the patrol car, after the *Miranda* warnings were read to the defendant. the latter said he was carrying the gun for protection, having been in a fight the night before. The defendant did not testify. The hearing court found no legal basis for the arrest, suppressed the weapon and the statements of the

defendant in the presence of the police officers. This disposition, we think, amounted to material error. We are unable to perceive any appreciable difference in the facts sufficient to take this situation out of the governing principles set forth in *Terry* v. *Ohio* (392 U. S. 1, 27) and *People* v. *Arthurs,* (24 N Y 2d 688). In our judgment, the policemen but acted in accord with common sense, in the protection of the public, and his actions did not come into conflict with any constitutional restraints, as interpreted by the precedents. To the contrary, had he acted otherwise, he would have been subject to criticism for dereliction of a plain duty. We also note that " the proof of the pudding " helped to demonstrate the correctitude of his action. He found a ".22 caliber * * * big pistol * * * single action." (Cf. *People* v. *Meyers,* 38 A D 2d 484.)

As for the statements of the defendant, in the patrol car, after the undenied warnings were given, such voluntary utterances are admissible. (*People* v. *Ruiz,* 34 A D 2d 908.)

The order should be reversed, on the law and the facts, and the motion denied.

Stevens, P. J., McGivern, McNally, Steuer and Capozzoli, JJ., concur.

Order, Supreme Court, New York County, entered on March 1, 1972, unanimously reversed, on the law and the facts, and the motion denied.